69 F.3d 687
 104 Ed. Law Rep. 595, 4 A.D. Cases 1856,
7 NDLR P 296
 Lloyd HOPE and Constance Fennell, individually and as
parents and lawful guardians of Moyo Hope, a
minor; and Moyo Hope, Plaintiffs-Appellants,
v.
Ramon CORTINES, individually and as Chancellor of the Board
of Education of the City of New York; and the
Board of Education of the City of New
York, Defendants-Appellees.
 No. 274, Docket 95-7151.
 United States Court of Appeals,
 Second Circuit.
Argued Oct. 13, 1995.
Decided Nov. 8, 1995.
 
 Loren Baily, Brooklyn, N.Y., for plaintiffs-appellants.
 Jane L. Gordon, New York City (Paul A. Crotty, Corporation Counsel of the City of New York, Barry P. Schwartz, New York City, on the brief), for defendants-appellees.
 Before NEWMAN, Chief Judge, CARDAMONE and CABRANES, Circuit Judges.
 JON O. NEWMAN, Chief Judge:
 
 
 1
 Plaintiffs-appellants Moyo Hope, a sixteen year-old minor, and his parents appeal from the January 9, 1995, judgment of the District Court for the Eastern District of New York (Frederic Block, Judge) dismissing their lawsuit brought under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Sec. 12101 et. seq. (Supp. V 1993), against the Board of Education of the City of New York and its Chancellor. Plaintiffs alleged that defendants unlawfully discriminated on the basis of disability and race by refusing to provide appropriate educational services to Moyo, a child who is both gifted and afflicted with dyslexia. The District Court dismissed plaintiffs' ADA claim, as well as other claims not pursued on appeal, for lack of subject matter jurisdiction because plaintiffs failed to exhaust administrative remedies pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1400 et. seq. (Supp. V 1993). Plaintiffs ask this Court to vacate the dismissal of the ADA claim and return the case to the District Court.
 
 
 2
 In a thorough, thoughtful opinion, the District Court explained why claims asserted under the ADA are subject to the IDEA's requirement, 20 U.S.C. Sec. 1415(f), that litigants exhaust the IDEA's administrative procedures before bringing suit under the ADA to obtain relief that is available under the IDEA. Hope v. Cortines, 872 F.Supp. 14, 20-21 (E.D.N.Y.1995). The District Court also determined that the relief plaintiffs seek is available under the IDEA, and that plaintiffs' claims do not fall within any of the exceptions to the IDEA's exhaustion requirement. Id. at 21-23. We affirm on the opinion of the District Court.