[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————

No. 96-5415

———————————

D. C. Docket No. 96-6464-CV-KLR


JAMIE BABICZ, JENNIFER BABICZ, by and through their parents and friends, Jerome Babicz and Joyce Babicz, JEROME BABICZ, individually, JOYCE BABICZ, individually,

                                             Plaintiffs-Appellants,

                        versus

THE SCHOOL BOARD OF BROWARD COUNTY, FRANK PETRUZIELO, in his official capacity as Superintendent of the Broward County Public Schools, DANIEL O'KEEFE, in his official capacity as Principal of Ramblewood Middle School, a Broward County Public School,

                                             Defendants-Appellees.


———————————

Appeal from the United States District Court
for the Southern District of Florida

———————————

**(February 26, 1998)**


Before DUBINA and BARKETT, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

   In 1996, Appellants Jerome and Joyce Babicz, on behalf of their children, Jamie

and Jennifer, filed a civil rights action under 42 U.S.C. § 1983 against the School

Board of Broward County, Florida (School Board), Dr. Frank R. Petruzielo (School Superintendent), and Mr. Daniel O'Keefe (Principal), for their alleged failure to provide the Babicz children with equal educational opportunities under Section 504 of the Rehabilitation Act (Section 504), 29 U.S.C. § 794[1], and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131, *et seq.*[2] On the basis that the Babiczes failed to exhaust their administrative remedies under Section 1415(f)[3] of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, the district court dismissed their complaint (without prejudice) for lack of subject

---

[1]The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefit of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

[2]The ADA provides that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

[3]This section, titled "Effect on other laws," reads:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 790 *et seq.*], or other Federal statutes protecting the rights of children and youth with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (b)(2) and (c) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(f).

2

matter jurisdiction.[4]  We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

At the time the complaint was filed, Jamie and Jennifer were students at Ramblewood Middle School, a Broward County public school.  The sisters have chronic asthma, a respiratory illness affecting their breathing and lung capacity, allergies, migraine syndrome and sinusitis.[5]  Understandably, they miss a significant number of school days.  Recognizing that Jamie and Jennifer have "disabilities that limit a major life activity," the school issued written formal accommodations for the girls (Section 504 plans).[6]  The complaint, seeking compensatory damages and injunctive relief, alleges that the school failed to implement the Section 504 plans and retaliated against Mrs. Babicz[7] and the girls after they hired an attorney.[8]  The district

---

[4]In 1990, Congress changed the name of the Education of the Handicapped Act (EHA), Pub.L. No. 101-476, 104 Stat. 1141 (1990), to the IDEA.

[5]The complaint alleges they are "qualified persons with disabilities" within the meaning of Section 504 and the ADA.

[6]While at home, the 504 plans provided the girls with notice of their assignments and make-up work.  While at school, the 504 plans provided them with access to inhalers, nebulizers and oxygen to manage their asthma medically.

[7]The complaint alleges that Mrs. Babicz was forced out of her position as PTA president; was restricted from moving freely within the school, followed sometimes by school personnel; and was denied a visitor's pass on two occasions to attend a pre-arranged teacher conference.

[8]The complaint alleges that both girls entered a school contest sponsored by the National PTA; that the national rules were not followed, and as a result, the girls were excluded from receiving awards.  Jamie was accused of plagiarism, was denied a spot on the school's basketball

court granted the Appellees' motion to dismiss for lack of subject matter jurisdiction on the basis that the Babiczes failed to exhaust their administrative remedies under Section 1415(f) of the IDEA.

## II.  STANDARD OF REVIEW

We review the district court grant of the Appellees' motion to dismiss for lack of subject matter jurisdiction *de novo.  Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992).

## III.  DISCUSSION

The issue on appeal is whether the Babiczes must first exhaust their administrative remedies under Section 1415(f) of the IDEA before presenting federal claims regarding the denial of publicly financed special education under Section 504 and the ADA.  *See Smith v. Robinson,* 468 U.S. 992, 1009 (1984).  While one of first impression in this circuit, this issue has been thoughtfully considered by both the Second Circuit in *Hope v. Cortines,* 69 F.3d 687 (2d Cir. 1995)[9] and the Seventh Circuit in *Charlie F. by Neil F. v. Board of Educ. of Skokie School District 68*, 98 F.3d 989 (7th Cir. 1996).  Both circuits concluded that claims asserted under Section 504

team under suspicious circumstances and was told her mother was not welcome on campus.  The complaint alleges that this retaliation resulted in increased asthma attacks.

[9]The Second Circuit in essence affirms on the basis of the district court opinion that contains a detailed analysis.  *Hope,* 872 F.Supp. 14, 18-22 (E.D.N.Y. 1995).

4

and/or the ADA are subject to Section 1415(f)'s requirement that litigants exhaust the IDEA's administrative procedures to obtain relief that is available under the IDEA before bringing suit under Section 504 and/or the ADA.[10] *Hope,* 69 F.3d at 688; *Charlie F.*, 98 F.3d at 992.[11] We agree.

IV.

The district court's dismissal of the Babicz' complaint without prejudice for lack of subject matter jurisdiction is affirmed.

AFFIRMED.

---

[10]Any student who wants "relief that is available under" the IDEA must use the IDEA's administrative system, even if he invokes a different statute. *Charlie F.*, 98 F.3d at 991. IDEA defines the term "children with disabilities" with two prongs. The first prong includes those suffering from a long list of handicaps and "other health impairments" such as asthma, 20 U.S.C. § 1401 (a)(1)(A)(I); s*ee also* 34 C.F.R. § 300.7(b)(8), and, the second prong includes those, "who, by reason thereof, need special education and related services." 20 U.S.C. § 1401 (a)(1)(A)(ii). We find the Babicz' argument that they do not fit within the ambit of IDEA as they do not require "special education and related services" as a result of their disabilities, just "related services," to be meritless. Implicit in this legal strategy to avoid IDEA is an apparent desire for compensatory damages not available under IDEA. *See Waterman by Waterman v. Marquette-Alger Intermediate School Dist.,* 739 F.Supp. 361, 365 (W.D. Mich. 1990)("EHA exhaustion must occur before plaintiffs may file an action under any other federal law seeking relief that is also available under the EHA . . . The fact that plaintiffs seek a particular type of relief . . . not available under EHA . . . is immaterial. To hold otherwise would allow EHA plaintiffs to frustrate Congressional purpose by bypassing the administrative process in virtually every case containing EHA, section 504, or section 1983 damages claims")(citations omitted).

[11]The Seventh Circuit disagreed with the district court over the question of subject-matter jurisdiction. It vacated its judgment and remanded with instruction to dismiss for failure to exhaust IDEA's administrative remedies.