Kristal **THOMAS** and Pat Thomas

v.

**EAST BATON ROUGE PARISH SCHOOL BOARD.**

No. Civ.A. 97–769–B–M2.

United States District Court, M.D. Louisiana.

Nov. 20, 1998.

Tammy Pruet Northrup, Department of Public Safety & Corrections, Legal Division, Baton Rouge, LA, for Plaintiff.

Robert L. Hammonds, Azelie Ziegler Shelby, Hammonds & Sills, Baton Rouge, LA, for Defendant.

## RULING

POLOZOLA, Chief Judge.

This matter is before the Court on the motion of the East Baton Rouge Parish School Board (the "Board") to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant contends that plaintiffs failed to exhaust administrative remedies as required by law.

Plaintiffs Kristal Thomas and her mother Pat Thomas allege that the Board violated Kristal Thomas' rights under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* (the "IDEA"), Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), and the Americans with Disabilities Act, Title II, 42 U.S.C. 12101 *et seq.* (the "ADA"). Plaintiffs claim that the Board: (1) failed to qualify Kristal as exceptional pursuant to the IDEA; (2) failed to educate Kristal properly and in accordance with her disabilities in violation of the Rehabilitation Act; and (3) discriminated against Kristal based on her handicap in violation of the ADA. For the reasons that follow, the defendant's motion is GRANTED.

■ Under the IDEA, parties must exhaust administrative remedies before filing suit. *Gardner v. School Board of Caddo Parish,* 958 F.2d 108, 111 (5th Cir.1992). Exhaustion of administrative remedies is also required by 20 U.S.C. § 1415(*l*) of the IDEA prior to any suit being filed under the ADA or the Rehabilitation Act.

■ The ADA was added to Section 1415(*l*) of the IDEA in 1997. Prior to the 1997 revisions to the IDEA, the jurisprudence made it clear that exhaustion was a prerequisite to pursuing claims under the ADA or the Rehabilitation Act.[1] Thus, ex-

1. *Hope v. Cortines,* 872 F.Supp. 14, (E.D.N.Y.),    *aff'd.* 69 F.3d 687 (2d Cir.1995); *Charlie F. v.*

haustion of administrative remedies under IDEA is required by a plaintiff, even if the plaintiff is alleging violations of the ADA and the Rehabilitation Act exclusively. *Babicz v. School Board of Broward County,* 135 F.3d 1420 (11th Cir.1998).

 Plaintiffs may bypass exhaustion of administrative remedies if the use of the administrative process would be futile or inadequate. *Honig v. Doe,* 484 U.S. 305, 327, 108 S.Ct. 592, 606, 98 L.Ed.2d 686 (1988). However, the plaintiffs bear the burden of proving exhaustion would be futile or inadequate. *Honig,* 484 U.S. at 327, 108 S.Ct. at 606. No such showing was made in this case.

Plaintiffs argue the exhaustion of administrative remedies would be futile under the facts of this case. They countered that since Kristel has graduated from high school, a hearing officer would be unable to fashion a proper remedy. Thus, plaintiffs argue that it is inappropriate to require exhaustion under the facts of this case.

The Court disagrees. Exhaustion of administrative remedies would not be futile in this case because plaintiffs seek reimbursement. *Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981). Reimbursement is available as a remedy when parents have incurred costs for obtaining services that the school district was required to provide. However, prior to the Court considering whether such relief is available, the plaintiff must have exhausted available remedies through the administrative process. *Norris by Norris v. Board of Education of Greenwood Community School Corporation,* 797 F.Supp. 1452 (S.D.Ind.1992). Disagreements between a parent and a public agency regarding the availability of an appropriate program for a child, and questions of financial responsibility are subject to the administrative process. *See* 34 CFR § 300.403(b) (1998). The administrative process is capable of making a post hoc determination of financial responsibility. *Burlington School Committee v. Department of Education of Massachusetts,* 471 U.S. 359, 370–372, 105 S.Ct. 1996, 2003, 85 L.Ed.2d 385 (1985). Because plaintiffs have failed to exhaust these

*Bd. of Educ. of Skokie Sch. Dist. 68,* 98 F.3d 989

remedies, this court does not have jurisdiction to hear plaintiff's claims.

Therefore:

IT IS ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure be and it is hereby GRANTED. Judgment shall be entered dismissing plaintiffs' suit without prejudice.