Adam FLIESS; Kenneth H. Fliess,
Plaintiffs—Appellants,

v.

WASHOE COUNTY SCHOOL DIS-
TRICT; Washoe County School Police
Department, Defendants—Appellees.

No. 03–15090.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2004.*

Decided Feb. 25, 2004.

Ian E. Silverberg, Esq., Reno, NV, for
Plaintiffs-Appellants.

Jeffrey S. Blanck, Esq., Paul J.
Anderson, Esq., Walther, Key, Maupin,
Oats, Cox & Legoy, Reno, NV, for Defen-
dants-Appellees.

Before: TASHIMA, CLIFTON, Circuit
Judges, and LEIGHTON, District
Judge.**

MEMORANDUM ***

Adam Fliess, an elementary school stu-
dent with severe emotional and behavioral
problems, brought this suit against the
Washoe County School District ("District")
through his guardian, Kenneth Fliess.
Pursuant to the Individuals with Disabili-
ties Education Act ("IDEA"), 20 U.S.C.
§§ 1400–1487, Adam and the District for-
mulated an Individualized Education Plan
("IEP") that specified the disciplinary pro-
tocol that District officials were to use in
order to control Adam's behavioral prob-

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** The Honorable Ronald B. Leighton, United
States District Judge for the Western District
of Washington, sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

lems. In his complaint, Adam alleged that on two separate occasions District officials and police officers violated the discipline provisions of his IEP. The first time, someone handcuffed Adam and placed him in the back of a police car. The second time, police officers cited Adam without notifying his guardian, and attempted to get Adam's signature on the citation. Both incidents caused Adam to suffer severe emotional distress.

Adam filed suit in federal district court, alleging a federal claim under the IDEA and a state-law claim for negligent supervision. The district court dismissed his IDEA claim for lack of subject matter jurisdiction because he failed to exhaust his administrative remedies. It dismissed his state-law negligence claim for lack of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). On appeal, Adam contends that he was not required to pursue his administrative remedies because doing so would have been futile. We review the question of whether Adam was required to exhaust his administrative remedies *de novo. Witte v. Clark County Sch. Dist.,* 197 F.3d 1271, 1274 (9th Cir.1999). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The purpose of the IDEA is to require that state and local educational agencies provide disabled children with a "free and appropriate public education" and ensure that "the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d). Section 1415 of the act, entitled "Procedural Safeguards," gives parents the right to submit complaints to school district officials regarding any aspect of a school's compliance with the IDEA, and entitles them to an "impartial due process hearing" with their local educational agency to resolve those complaints. *Id.* at § 1415(f)(1). Parents dissatisfied with the decision rendered in the "due process hearing" can appeal it to state-level decision makers. *Id.* at § 1415(g). Parties are generally required to exhaust their administrative remedies prior to filing suit under the IDEA, *see id.* at § 1415(i)(2)(A), and before filing any action under any other federal law in which they seek "relief that is also available" under the IDEA, *see id.* at § 1415(1).

Exhaustion of administrative remedies is not required, however, where it would be "futile or inadequate." *Hoeft v. Tucson Unified Sch. Dist.,* 967 F.2d 1298, 1303 (9th Cir.1992); *Doe v. Ariz. Dep't of Educ.,* 111 F.3d 678, 681 (9th Cir.1997). Exhaustion is not "futile" unless the injuries complained of could not be redressed, to any degree, through the IDEA's administrative procedures. *Robb v. Bethel Sch. Dist. # 403,* 308 F.3d 1047, 1050 (9th Cir.2002). Parties wishing to bypass the administrative appeals process bear the burden of showing futility. *Id.* at 1050 n. 2. Where the ability of the local educational agency to alleviate the alleged problem is unclear, exhaustion is required. *Id.* at 1050.

Adam has failed to show that the injuries about which he complains could not have been redressed, to any degree, by way of the IDEA's administrative procedures. As we held in *Robb,* "severe emotional distress" suffered as a result of a district's failure to comply with a child's IEP can be relieved, to some extent, by providing the child with psychological counseling. *Id.* (holding that a child's "psychological" injuries caused by a violation of her IEP could be redressed, to some degree, by providing "related services" under 20 U.S.C. § 1401(22), such as "psychological services, ... therapeutic recreation, social work services, [and] counseling services"). Because an administrative hearing officer could have ordered the district to provide Adam with psychological counseling, and psychological counsel-

ing might have relieved, to some extent, the emotional harm he suffered, he was required to exhaust the IDEA's administrative procedures prior to bringing suit in federal court.

Adam argues that he should not be required to exhaust his administrative remedies because he seeks only retroactive money damages, which an administrative hearing officer arguably lacks the power to grant. *See Witte*, 197 F.3d at 1275. But we have previously rejected attempts by IDEA plaintiffs to avoid the exhaustion requirement by narrowly framing the relief sought. *Robb*, 308 F.3d at 1049 (holding that "a plaintiff cannot avoid the IDEA's exhaustion requirement merely by limiting a prayer for relief to money damages"). In doing so, we emphasized that the "primary concern in determining whether a plaintiff must use the IDEA's administrative procedures relates to the source and nature of the alleged injuries for which he or she seeks a remedy, not the specific remedy requested." *Id.* at 1050. Thus, Adam's attempt to avoid the exhaustion requirement by limiting the relief he seeks to money damages must fail.

Because Adam has failed to show that pursuit of administrative remedies would have been futile, and pursuit of administrative remedies is a jurisdictional prerequisite to bringing an IDEA claim, *see* 20 U.S.C. § 1415(i)(2)(A), the district court's order dismissing the action is **AF-FIRMED.**