11-2835-cv
*Philip Baldessarre, et al. v. Monroe-Woodbury Central School District, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of September, two thousand and twelve.

PRESENT:

JON O. NEWMAN,
JOSÉ A. CABRANES,
ROBERT D. SACK,

*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PHILIP BALDESSARRE & VALENTINA BALDESSARRE, o/b/o
DANIEL BALDESSARRE,

*Plaintiffs-Appellants,*

v.                                                                         No. 11-2835-cv

MONROE-WOODBURY CENTRAL SCHOOL DISTRICT, ALTHEA
SCHEPPERLY, in her official capacity,

*Defendants-Appellees.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

1

**FOR PLAINTIFFS-APPELLANTS:**   MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY (Mary Jo Whateley, Legal Services of the Hudson Valley, Newburgh, NY, *on the brief*).

**FOR DEFENDANTS-APPELLEES:**   JAMES P. DROHAN, Thomas, Drohan, Waxman, Petigrow & Mayle, LLP, Hopewell Junction, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants appeal from a judgment of the District Court granting the defendants-appellees' motion to dismiss for lack of subject-matter jurisdiction and, alternatively, for judgment on the pleadings, pursuant to Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure.[2]  We assume the parties' familiarity with the facts and procedural history of the case, and the issues on appeal.

The District Court dismissed the case in light of the plaintiffs' failure to exhaust their administrative remedies under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*  Although the Amended Complaint did not include a claim expressly under the IDEA, the District Court held that the claims purportedly arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, "all relate to the identification, evaluation, or educational placement of Daniel, or his treatment by his teacher because of his disability, and therefore these claims all invoke Daniel's right to a free appropriate public education" under the IDEA.  *Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*, 820 F. Supp. 2d 490, 505 (S.D.N.Y. 2011).  Accordingly, the District Court found that the relief the plaintiffs sought was "available under the IDEA" and that the IDEA's exhaustion requirement applied.  *Id.* at 507–08.

We review *de novo* a district court's dismissal of a complaint pursuant to Rules 12(b)(1) or 12(c), accepting the well-pleaded allegations in the complaint as true.  *See Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008) (Rule 12(b)(1)); *Morris v. Schroder Capital Mgmt. Int'l*, 445 F.3d 525, 529 (2d

---

[2]  The defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, but, in view of the fact that no discovery had occurred, the District Court converted the motion into a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) or for judgment on the pleadings pursuant to Rule 12(c).

Cir. 2006) (Rule 12(c)). Having undertaken a *de novo* review of the record on appeal, and upon consideration of the arguments of the parties, we affirm the judgment of the District Court, substantially for the reasons stated in its comprehensive and well-reasoned Opinion and Order of June 29, 2011. *See Baldessarre*, 820 F. Supp. 2d at 493–510.

### 1. *Plaintiffs Failed to Exhaust Administrative Remedies under the IDEA*

"It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004). Moreover, "potential plaintiffs with grievances related to the education of disabled children generally must exhaust their administrative remedies before filing suit in federal court, even if their claims are formulated under a statute other than the IDEA (such as the ADA or the Rehabilitation Act)." *Polera v. Bd. of Educ. of Newburgh*, 288 F.3d 478, 481 (2d Cir. 2002); 20 U.S.C. § 1415(l) ("Nothing in [the IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under . . . other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under [the IDEA], the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under [the IDEA].") . We have held, on multiple occasions, that the "[f]ailure to exhaust the [IDEA's] administrative remedies deprives the court of subject matter jurisdiction." *Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008) (citing *Polera*, 288 F.3d at 483 and *Hope v. Cortines*, 69 F.3d 687, 688 (2d Cir. 1995)).[3]

There is no dispute that the plaintiffs did not exhaust the administrative remedies available to them and required by the IDEA. Moreover, as the District Court observed, the relief sought by the plaintiffs is "relief that is also available under [the IDEA]." 20 U.S.C. § 1415(l). Although the plaintiffs, in addition to injunctive relief, seek compensatory damages—a form of relief not available under the IDEA, *see Polera*, 288 F.3d at 486—we have made clear that "a disabled student who claims deficiencies in [his] educational program may not bypass the IDEA's administrative exhaustion rule merely by claiming monetary damages." *Cave*, 514 F.3d at 247. Rather, "the *theory*

---

[3] The plaintiffs urge us to abandon our previous holding and instead "follow the Seventh, Ninth, and Eleventh Circuits, and hold here that a failure to exhaust administrative remedies does not divest the Court of its subject matter jurisdiction but, rather, is an affirmative defense." Appellants' Br. at 20. We decline the invitation, which is beyond our authority as a panel. *See In re Zarnel*, 619 F.3d 156, 168 (2d Cir. 2010) ("This panel is bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." (internal quotation marks omitted)). In any event, whether exhaustion is a jurisdictional prerequisite or simply an affirmative defense is irrelevant here because the defendants properly raised that argument in their answer to the plaintiffs' complaint.

*behind the grievance* may activate the IDEA process, even if the plaintiff wants a *form* of relief that the IDEA does not supply." *Id.* at 246 (emphasis added) (internal quotation marks omitted).

Here, the theory behind the plaintiffs' grievance was that the defendant school district's classification and placement of the student, Daniel, was discriminatory and resulted in his being mistreated by his teacher, defendant Nalick. The IDEA provides relief for this type of grievance. As we stated in *Cave,* "[p]arents are specifically entitled to request a due process hearing in order to present complaints as 'to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education.'" 514 F.3d at 245 (quoting 20 U.S.C. § 1415(b)(6)(A)). That plaintiffs declined to exercise their rights under the IDEA's administrative enforcement regime does not entitle them to come straight to federal court, thereby depriving the state education agency of the opportunity "to bring its expertise to bear on [the] problem as well as to correct its own mistakes," if any. *Heldman v. Sobol*, 962 F.2d 148, 159 (2d Cir. 1992). Further, the IDEA provides relief "[f]or disabled students such as [Daniel] who are removed from school for disciplinary reasons." *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 209 (2d Cir. 2007) (Straub, *J.*, concurring) (citing, *inter alia*, 20 U.S.C. § 1415(k)(1)(E) (providing a right to a "manifestation hearing" to determine whether student's conduct was caused by or directly related to his disability)).

The District Court's holding that the plaintiffs' failure to exhaust the IDEA's administrative remedies required dismissal of their complaint was clearly compelled by our Circuit precedent. The plaintiffs apparently do not contest this, but, rather, request that we abandon this precedent and instead adopt the view of the Court of Appeals for the Ninth Circuit. *See Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 871 (9th Cir. 2011) (*en banc*) ("Non-IDEA claims that do not seek relief available under the IDEA are not subject to the exhaustion requirement, even if they allege injuries that could conceivably have been redressed by the IDEA."). We decline to do so. "This panel is bound by the decisions of prior panels until . . . they are overruled either by an en banc panel of our Court or by the Supreme Court." *In re Zarnel*, 619 F.3d 156, 168 (2d Cir. 2010) (quotation marks omitted).

*2.    Plaintiffs Failed to Show That Exhaustion Would Be Futile*

The IDEA's exhaustion requirement "does not apply 'in situations in which exhaustion would be futile.'" *Coleman*, 503 F.3d at 205 (quoting *Polera*, 288 F.3d at 488). "The party seeking to avoid exhaustion bears the burden of showing futility." *Cave*, 514 F.3d at 249. Although plaintiffs argued in the District Court that exhaustion would have been futile, they do not make such an argument in their opening brief, and therefore are deemed to have abandoned it. *See J.P. Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief.").

4

Even if we were to consider the argument, however, we would find it meritless. "To show futility, a plaintiff must demonstrate that adequate remedies are not reasonably available or that the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process." *Coleman*, 503 F.3d at 205 (internal quotation marks omitted). We have accepted arguments of futility where parents were not informed of administrative remedies, *see Weixel v. Bd. of Educ.*, 287 F.3d 138, 149 (2d Cir. 2002), where the state agency was itself acting contrary to law, *see Heldman ex rel. T.H. v. Sobol*, 962 F.2d 148, 159 (2d Cir. 1992), where the case involves "systemic violations that could not be remedied by local or state administrative agencies," *Cave*, 514 F.3d at 249, or where "'an emergency situation exists (e.g., the failure to take immediate action will adversely affect a child's mental or physical health),'" *Coleman*, 503 F.3d at 206 (emphasis omitted) (quoting H.R. Rep. No. 296, 99th Cong., 1st Sess. 7 (1985)). None of these situations apply in this case. As the District Court held, "[p]laintiffs have alleged no facts from which the Court can conclude that exhaustion might be futile or excused." *Baldessarre*, 820 F. Supp. 2d at 509.

### 3. The Official Capacity Claims Do Not Survive

In their reply brief, the plaintiffs argue that their claim for injunctive relief against defendant Schepperly (the school district's Director of Pupil Personnel Services) in her official capacity should be permitted to go forward, notwithstanding the District Court's dismissal of their complaint.[4] "The real party in interest in an official-capacity suit is the government entity." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 288 (2d Cir. 2003). The plaintiffs advance no separate claims against defendant Schepperly; she is merely identified as a defendant with respect to the plaintiffs' ADA and Rehabilitation Act claims. Accordingly, the plaintiffs' failure to exhaust administrative remedies compelled dismissal of their complaint against Schepperly, as well as the school district.

### CONCLUSION

We have considered all of the plaintiffs' arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court in its entirety.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] The plaintiffs withdrew their claim against defendant Nalick and agreed to dismiss her from the case. *See Baldessarre*, 820 F. Supp. 2d at 509. They do not seek to reinstate her on appeal.