[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12892
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-04038-CLS

LAURA A.,
individually and as grandmother and next friend of J.O., a minor,

Plaintiff - Appellant,

versus

LIMESTONE COUNTY BOARD OF EDUCATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 28, 2015)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Laura A. appeals from the district court's order granting

summary judgment in her case asserting claims as the grandmother and next friend

of J.O., a minor, against the Limestone County, Alabama, Board of Education,

pursuant to the Individuals With Disabilities Education Act, 20 U.S.C. §1400 et seq. ("IDEA"), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 79Limestone County4 (the "Rehabilitation Act"). The complaint alleges that Limestone County violated IDEA by determining that J.O. was no longer eligible for special education, and violated § 504 of the Rehabilitation Act by failing to provide J.O. with a non-discriminatory public education program. On appeal, Ms. A. argues that the district court erred in concluding that she failed to exhaust administrative remedies for her § 504 claim. After thorough review, we affirm.

We review a grant of summary judgment de novo. Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmovant, raises no genuine issue of material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(a). We also review de novo legal questions involved in the interpretation of statutes. CP v. Leon Cnty. Sch. Bd. Fla., 483 F.3d 1151, 1156 (11th Cir. 2007).

IDEA seeks to provide a "free appropriate public education" ("FAPE") to students qualifying for special education and related services under one of IDEA's thirteen eligibility classifications. 20 U.S.C. § 1401(9). Section 504 of the Rehabilitation Act, on the other hand, is anti-discrimination legislation aimed at providing federally-financed services to individuals with disabilities. 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability in the United States . . .

shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."). Section 504 applies to all public schools that receive federal financial assistance. Id. § 794(b)(2). While IDEA recognizes thirteen categories of disability, § 504 defines individuals with disabilities to include anyone with a condition that substantially limits a major life activity, as well as those with a history of disability and those perceived to have a disability. Id. § 705(20).

In this case, the Board argues that Ms. A.'s § 504 claim should be dismissed because she failed to exhaust her administrative remedies. The exhaustion requirement for § 504 is found in IDEA, and provides:

> Nothing in this chapter [pertaining to IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l). "Thus, whether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be exhausted in state administrative proceedings." M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1158 (11th Cir. 2006).

3

In M.T.V., the parents of a child eligible for IDEA services claimed that a school district retaliated against them for advocating for their son. Prior to suit, the parents had requested a due process hearing seeking reimbursement from Limestone County for M.T.V's vision therapy, and the County had requested a due process hearing to enforce its right to evaluate M.T.V. by an expert of its choice. The parents had raised their retaliation claims at these due process hearings, but had never requested a due process hearing on the retaliation claims. Id. at 1159.

In rejecting the notion that raising these claims at earlier due process hearings was sufficient for exhaustion, our Court quoted from the IDEA, which says that "any party aggrieved by the findings and decision [made by an ALJ] under this subsection shall have the right to bring a civil action with respect to the complaint presented pursuant to this section." Id. (quoting 20 U.S.C. § 1415(i)(2)(A)). Relying on this "plain language," we held that M.T.V.'s parents were required "to file a separate administrative complaint to raise [the retaliation] issue and exhaust all administrative remedies regarding that complaint before filing a judicial action." Id. As we explained, "[t]he philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities." Id. at 1158 (quotation omitted). We thus concluded that M.T.V.'s parents had not exhausted administrative remedies for the retaliation claim.

4

In Babicz v. Sch. Bd. of Broward Cnty., 135 F.3d 1420 (11th Cir. 1998), parents sought relief for their children under § 504 and the ADA, but not under IDEA. They had not requested a due process hearing, and argued that because they had not sought IDEA relief they did not need to comply with its exhaustion requirements. The Court rejected this argument, and -- though we did not expressly hold that the plaintiff's children fell within the ambit of IDEA -- concluded that IDEA exhaustion cannot be avoided simply by seeking relief not available under IDEA. Id. at 1422 n.10.

In this case, Ms. A.'s letter requesting a due process hearing under IDEA challenged Limestone County's decision that J.O. was no longer eligible for IDEA services, alleging that Limestone County had failed to comprehensively evaluate J.O. and had improperly denied him a FAPE, as required by IDEA. She did not mention § 504 other than to say that Limestone County had found him eligible for § 504 services. Under the plain language of IDEA, before a civil action may be brought under § 504, "the procedures under subsections (f) and (g) [of § 1415] shall be exhausted to the same extent as would be required had the action been brought under this subchapter." 20 U.S.C. § 1415(l). The IDEA further provides that an aggrieved individual has the "right to bring a civil action with respect to the complaint presented pursuant to this section." 20 U.S.C. § 1415(i)(2)(A). Thus, whether Ms. A.'s claims are brought pursuant to IDEA, the ADA, § 504 or the

5

Constitution, they must first be exhausted in state administrative proceedings. Indeed, it would subvert the purposes of the exhaustion requirement to allow exhaustion of an IDEA claim to also suffice for a Rehabilitation Act claim seeking some of the same relief, when the claims have different elements, the proof required under both statutes is different, and the Rehabilitation Act claim was not addressed at all during the administrative proceedings. See Association for Retarded Citizens of Alabama, Inc. v. Teague, 830 F.2d 158, 160 (11th Cir. 1987) (holding that the purposes behind the exhaustion requirement include: "(1) permitting the exercise of agency discretion and expertise on issues requiring these characteristics; (2) allowing the full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard and circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any error"). Since Ms. A. did not seek a due process hearing for her § 504 claims, she cannot now pursue a civil action for those claims.

Contrary to Ms. A.'s argument, we need not decide whether IDEA exhaustion is required even if an individual is not eligible for relief under IDEA. As the record shows, Ms. A. pursued relief under IDEA and instituted an IDEA hearing; thus, she was not claiming that IDEA did not apply to J.O.  Moreover, our case law bars her argument that it would have been futile to raise her § 504 claims

6

in the due process hearing.  See N.B. v. Alachua County Sch. Bd., 84 F.3d 1376, 1379 (11th Cir. 1996) (holding litigants cannot "avoid the exhaustion requirement simply by asking for relief that administrative authorities [cannot] grant," such as money damages or relief from a former school district).  In any event, IDEA provides that "[t]he party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in the notice filed under subsection (b)(7), unless the other party agrees otherwise."  20 U.S.C. § 1415(f)(3)(B).  She did not give notice of her § 504 claim in her IDEA notice, and therefore could not have pursued her § 504 claim at the hearing no matter what the hearing officer had jurisdiction over.  As a result, she has not demonstrated futility. See M.T.V., 446 F.3d at 1159 & n.4 ("The burden of demonstrating futility is on the party seeking exemption from the exhaustion requirement.").

      **AFFIRMED**.