Johnny **RICHARDSON**, Plaintiff–Appellant,

v.

Glenn S. **GOORD**, C. Coyne, Dr. Mathew, Auburn Correctional Facility, Dick Hunter, Auburn Correctional Facility, Defendants–Appellees.

**Docket No. 02–289.**

United States Court of Appeals, Second Circuit.

Submitted: Aug. 6, 2003.

Decided: Oct. 22, 2003.

Johnny Richardson, Auburn, NY, Appellant Pro Se.

Eliot Spitzer, Attorney General Of the State of New York, New York, N.Y. (Andrea Oser, Assistant Solicitor General, Martin A. Hotvet, Assistant Solicitor General) for Defendants–Appellees.

Before: JACOBS, and SOTOMAYOR, Circuit Judges.[*]

PER CURIAM.

Plaintiff Johnny Richardson ("Richardson") appeals from the judgment of the United States District Court for the Northern District of New York (Kahn, *J.*) granting summary judgment in favor of defendants and dismissing this 42 U.S.C. § 1983 action. Richardson, an inmate at a New York State correctional facility, alleges that his Eighth Amendment rights were violated when he was denied the nighttime dosage of a prescription drug for relief of back pain.

The appellate record is insufficiently clear to ascertain whether Richardson exhausted his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997(e). Since this Court has not yet decided whether exhaustion of remedies is a jurisdictional requirement under the PLRA, we must consider that question before we can turn to the merits. For the reasons that follow, we conclude that failure to exhaust administrative remedies is not a jurisdictional predicate, that summary judgment was properly granted as to all defendants except Commissioner Goord, and that as to him, the judgment is vacated and remanded for further consideration as to exhaustion or the merits, or both.

**I**

Richardson, an inmate at New York Auburn Correctional Facility ("Auburn"), suffers from back pain. Dr. Gregory Mathew ("Dr. Mathew"), who was a doctor at Auburn and is one of the defendants, prescribed pain medication to be taken four times a day, the last dose at 9:00 p.m.

Richardson alleges, however, that the defendants refused to give him the 9:00 p.m. dose for logistical reasons, either because no one was available to escort him to the clinic at that time, or because it was impractical to distribute medicine to his cell at that hour, or for some other reason. A substituted non-prescription pain reliever was administered, which was not efficacious. Richardson alleges that he complained to defendant Christine Coyne ("Coyne"), the Auburn nurse administrator, who informed him that Dr. Graceffo, the facility medical officer, had altered Dr. Mathew's prescription and that the 9:00 p.m. dose was no longer prescribed.

Richardson named as defendants Dr. Mathew and Coyne, as well as Dick Hunter ("Hunter"), the pharmacy supervisor at Auburn, and Glenn S. Goord ("Goord"), Commissioner of the New York State Department of Correctional Services. Richardson alleges that he wrote a letter to Goord advising that Richardson was suffering great pain because of the withholding of the 9:00 p.m. dose of pain killer.

**II**

■ The initial question is whether exhaustion of administrative remedies is jurisdictional. *See Ortiz v. McBride*, 323 F.3d 191, 195 (2d Cir.2003) ("[W]e cannot consider [this] Fourteenth Amendment claim until our jurisdiction to hear it is established."). In *Davis v. New York*, 316 F.3d 93, 101 (2d Cir.2002), we remanded an inmate's § 1983 claim for the district court to determine whether defendants had waived compliance with the exhaustion requirement, a ruling that implicitly indicates that exhaustion is not jurisdictional. Sister circuits that have ruled on this sub-

---

[*] The Honorable Fred I. Parker, who was a member of the panel, died following argument, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b).

ject have held that exhaustion is not jurisdictional. *See Casanova v. Dubois,* 289 F.3d 142, 146–47 (1st Cir.2002); *Ali v. District of Columbia,* 278 F.3d 1, 5–6 (D.C.Cir.2002); *Chelette v. Harris,* 229 F.3d 684, 686–88 (8th Cir.2000); *Perez v. Wis. Dep't Corr.,* 182 F.3d 532, 535–36 (7th Cir.1999); *Wright v. Morris,* 111 F.3d 414, 421 (6th Cir.1997).

In *Perez,* which involved an Eighth Amendment claim brought under § 1983 for allegedly inadequate medical treatment, *see* 182 F.3d at 535–36, the Seventh Circuit reasoned that unless the failure to exhaust administrative remedies is "essential to the existence of the claim, or to ripeness, and therefore to the presence of an Article III case or controversy," the exhaustion requirement does not affect jurisdiction under §§ 1331 and 1343. *Id.* Numerous circuits have pointed out that § 1997(e) lacks the "sweeping and direct language that would indicate a jurisdictional bar rather than a mere codification of administrative exhaustion requirements." *Casanova,* 289 F.3d at 147 (quoting *Ali,* 278 F.3d at 5–6). *See also Wright,* 111 F.3d 414, 421 (6th Cir.1997); *Chelette,* 229 F.3d at 687–88. We are persuaded by the reasoning of these cases and we likewise conclude that exhaustion is not jurisdictional.

■ Nevertheless, a prisoner must exhaust his or her administrative remedies prior to filing a claim under § 1983. *See* 42 U.S.C. § 1997e(a). The magistrate judge noted that there was a material dispute as to whether Richardson in fact exhausted his administrative remedies, but ultimately granted summary judgment to defendants on other grounds. As we hold below that summary judgment as to one of the defendants was inappropriate, a question remains for decision on remand as to whether Richardson failed to exhaust his administrative remedies.

### III

■ As to the merits, the District Court correctly dismissed the claim against Dr. Mathew, Coyne and Hunter as meritless because Richardson failed to show that those defendants' acts or omissions evidenced deliberate indifference to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see also Koehl v. Dalsheim,* 85 F.3d 86, 88 (2d Cir.1996) (holding that the Eighth Amendment is violated when the medical need is serious and prison officials are deliberately indifferent to the inmate's needs).

Dr. Mathew prescribed the pain killer to Richardson and directed that it be administered four times a day, including at 9:00 p.m. Richardson is not complaining about the medicine prescribed; his complaint is that it was not administered often enough. But there is no evidence that Dr. Mathew altered the prescription or had personal involvement in the decision to eliminate the night-time dose. The revised prescription—omitting the 9:00 p.m. dose—was issued by Dr. Graceffo, who is not named as a defendant. Coyne, the Auburn nurse administrator, was responsible for ministrations consistent with the revised prescription; she obviously had no authority to administer a 9:00 p.m. dose contrary to Dr. Graceffo's instruction. Similarly, there is no showing that Hunter, the pharmacy supervisor, did anything other than prepare dosages consistent with the revised prescription. With respect to these defendants, the record demonstrates routine performance of routine medical responsibilities, not deliberate indifference to medical needs. As to these defendants, Richardson's claims were properly dismissed.

### IV

■ As to Goord, the record is insufficient to show whether he had knowledge

of Richardson's condition sufficient to support liability based on his inaction. "[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir.2003) (citing *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir.1989)). To establish the liability of a supervisory official under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional violations. *See Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir.1995). By the same token, however, mere "linkage in the prison chain of command" is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim. *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.1985); *see also Wright v.Smith*, 21 F.3d 496, 501 (2d Cir.1994) (noting that a defendant in a § 1983 action may not be held liable for constitutional violations merely because he held a high position of authority).

■ Supervisor liability under § 1983 "can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Hernandez*, 341 F.3d at 145; *see also Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

Richardson testified at his deposition that he wrote Goord a letter complaining that the 9:00 p.m. dosage was being withheld and that he was suffering great pain at night. The present record is sketchy.

Richardson testified that he did not have a copy of the letter because it was missing from his cell. It is unclear what Richardson's letter said, when it was written, and whether any prison officials can locate a copy. However, the evidence may create an issue of fact as to whether Goord was deliberately indifferent to Richardson's medical needs. The same evidence may bear upon whether Richardson exhausted his administrative remedies. Accordingly, we vacate and remand to the district court for further fact-finding with respect to Goord's knowledge of Richardson's condition.

We recognize that it is unclear in this Circuit whether attempts to lodge informal grievances can satisfy the exhaustion requirement. However, this Court recently ordered appointment of counsel in five pending appeals to brief the question of whether New York State inmates who do not fully comply with the state's formal grievance procedure may nevertheless exhaust their claims in other ways. *See* Scheduling Order (July 18, 2003) (ordering joint argument in *Johnson v. Reno*, No. 02–0145 (2d Cir.2003); *Ortiz v. McBride*, 323 F.3d 191 (2d Cir.2003); *Abney v. New York Dep't of Corr. Servs.*, No. 02–0241 (2d Cir.2003); *Hemphill v. New York*, No. 02–0164 (2d Cir.2002); *Giano v. Goord*, No. 02–0105 (2d Cir.2002)); *see also Ortiz*, 323 F.3d at 195–96 (2d Cir.2003).

For the foregoing reasons, the judgment in favor of defendants Dr. Mathew, Coyne and Hunter is affirmed. As to defendant Goord, the judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.