Miguel LEAL, 97–A–4780, Plaintiff,

v.

J. JOHNSON, P. Bruckly, L.T. Ward, M. Verrastro, L. Hale and L. Polale, Defendants.

No. 04 CV–6087L(FE).

United States District Court, W.D. New York.

April 28, 2004.

Miguel Leal, Attica, NY, pro se.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, an inmate of the Attica Correctional Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed in this Court as a poor person is hereby granted.

According to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner ... until such administrative remedies as are available are exhausted." The United States Supreme Court has held that this requirement to exhaust applies to all prisoner claims about prison life, regardless of the type of allegation. *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Plaintiff's complaint raises issues about prison life, specifically two instances of alleged excessive force. Therefore the requirement to

exhaust the available administrative remedies applies to his claims. *Id.*

■■■ "To fully exhaust administrative remedies, the plaintiff must 'go beyond the first step,' seeking further stages of administrative review until the plaintiff has availed himself of the final stages of the administrative process." *Booth v. Churner*, 532 U.S. 731, 735, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Exhaustion of administrative remedies must be completed prior to the filing of the action. *Neal v. Goord*, 267 F.3d 116, 123 (2d Cir.2001). Further, 42 U.S.C. § 1997e(a) does not require that the remedies provided by the prison be effective from the prisoner's viewpoint. The statute requires only that the inmate first exhaust the remedies, however futile such exhaustion might appear to be. *See Booth*, 532 U.S. at 741, 121 S.Ct. 1819 ("we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures"); *see also Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (holding that, where exhaustion is statutorily mandated, "the requirement ... may not be dispensed with merely by a judicial conclusion of futility"). Thus, although the exhaustion requirement is not jurisdictional, *Richardson v. Goord*, 347 F.3d 431 (2d Cir.2003), where it appears that plaintiff has begun, but not completed, the grievance procedure, the appropriate course would be to dismiss the action without prejudice to allow plaintiff to meet the exhaustion requirement.

■■■ Here, plaintiff states that he filed grievances regarding these two complained-of events, but that his appeal of the grievance denials are still pending. Thus it appears from plaintiff's own statements that the § 1997e(a) requirements have not been met. Because of this, it appears that plaintiff has not complied with the statute, and the case must be dismissed without prejudice.

### ORDER

IT IS HEREBY ORDERED that plaintiff's motion to proceed *in forma pauperis* is granted; and it is further

ORDERED that this case is dismissed without prejudice because plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a); and it is further

ORDERED that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.