**Luis A. VAZQUEZ, Plaintiff–Appellant,**

**v.**

**Gregory PARKS, John Doe, Doctor at M.C.C., John Doe, Chinese Dentist at M.C.C., Perking, Head of Medical Department, Defendants–Appellees.**

**Docket No. 03–6062–CV.**

United States Court of Appeals,
Second Circuit.

June 14, 2004.

Luis A. Vazquez, New York, NY, for Appellant, pro se.

Judd C. Lawler, Assistant United States Attorney (James B. Comey, United States Attorney, Sara L. Shudofsky, Assistant United States Attorney, on the brief), Southern District of New York, New York, NY, for Appellees.

PRESENT: WALKER, Chief Judge, B.D. PARKER, Circuit Judge, and WESLEY, Circuit Judge.

### SUMMARY ORDER

Plaintiff-appellant Luis A. Vazquez appeals from the judgment of the United States District Court for the Southern District of New York (1) dismissing, pursuant to Fed.R.Civ.P. 12(b)(6), his 42 U.S.C. § 1983 action, construed as an action brought pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against prison officials-defendants for their failure to provide medical attention for Vazquez's dental problems; and (2) denying Vazquez's motion for a preliminary injunction.

We review *de novo* a district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6). *See Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). Even though the district court mistakenly believed the Prison Litigation Reform Act's ("PLRA") exhaustion requirement to be jurisdictional, *see* 42 U.S.C. § 1997e(a); *Richardson v. Goord,* 347 F.3d 431, 434 (2d Cir.2003), we may affirm for any ground supported by the record, *see AmBase Corp. v. City Investing Co. Liquidating Trust,* 326 F.3d 63, 72 (2d Cir.2003). We find that the district court properly determined that

Vazquez had failed to exhaust his administrative remedies pursuant to the PLRA. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Additionally, the district court properly dismissed Vazquez's complaint because he failed to demonstrate that prison officials-defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Accordingly, the district court dismissal was proper in all respects.

■ Finally, we review the district court's denial of Vazquez's motion for a preliminary injunction for an abuse of discretion. *See Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 167 (2d Cir.2001). We find that the district court did not abuse its discretion in determining that, in light of Vazquez's failure to state a claim upon which relief could be granted, it would be impossible to conclude that plaintiff has shown either a probability of success or a serious question going to the merits.

We have carefully considered all of Vazquez's arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.