**Ian A. WILLIAMS, Plaintiff–Appellant,**

v.

**L. COHEN, Dr., DDS, R.M. Reish, Warden, J. Zayas, P.A., R. Lucido, Lt., A. Koenig, C.O., Tassinari, P.A., F.T. Pena, P.A., Defendants–Appellees,**

---

* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

M.C.C. Institution, M. Glover, Dr., Vou-lu, Dr., FCI Otisville Institution, R. Brown, Jail Unit Manager, Defendants.

No. 01–0059.

United States Court of Appeals, Second Circuit.

June 30, 2004.

Ian A. Williams, St. Catherine, Jamaica, West Indies, for Appellant, pro se.

Kevin M. Ryan, Jones Hirsch Connors & Bull P.C., New York, NY, for Cohen, for Appellees.

Rebecca C. Martin, Assistant United States Attorney (Kathy S. Marks, Assistant United States Attorney, James B. Comey, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Reish, Zayas, Lucido, Koenig, Tassinari, and Pena, for Appellees, of counsel.

Present: McLAUGHLIN, CABRANES and WALLACE,* Circuit Judges.

## SUMMARY ORDER

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court be and it hereby is **AFFIRMED**.

By complaint dated July 22, 1997, plaintiff Ian Williams brought a series of claims against defendants-appellees concerning events that took place during plaintiff's incarceration in two federal correctional facilities.** Defendants Reish, Zayas, Lucido, Koenig, Tassinari, and Pena ("the Government defendants") moved for dismissal of the claims pursuant Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and, in the alternative, for summary judgment. Thereafter, plaintiff moved for a default judgment against defendant Cohen, who had not answered plaintiff's complaint, and cross-moved for summary judgment against the Government defendants. In July 1998, Cohen allegedly first learned of plaintiff's claims against her, and, represented by private counsel, informed the Court that she had not been properly served and opposed plaintiff's motion for default judgment.

In an order dated March 25, 1999, the District Court dismissed the claims against Koenig pursuant to Rule 12(b)(6) and granted summary judgment with respect to all of the other Government defendants except for Tassinari. In its order, the District Court directed the parties to report on how the Court should proceed with plaintiff's claims against Tassinari and Cohen, the two remaining defendants. In two endorsement orders dated January 5, 2001, the District Court dismissed the claims against Tassinari for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), denied plaintiff's motion for default judgment against Cohen, and dismissed plaintiff's complaint as to Cohen based on the doctrine of collateral estoppel. On March 21,

---

* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

** Plaintiff also raised claims against defendants who are not appellees here. Plaintiff's appeal as to those defendants was dismissed by this Court by order dated November 30, 2001. [2d Cir. Docket Sheet, No. 01–0059] Accordingly, we do not address in the instant order plaintiff's claims against those defendants.

2001, the District Court entered final judgment in accordance with its three orders, and plaintiff timely appealed.

For substantially the reasons stated by the District Court, we conclude that the District Court properly (1) granted summary judgment in favor of defendants Reish, Zayas, Lucido, and Pena, and (2) dismissed the claims against Koenig and Cohen.

Here we address only plaintiff's claims against Tassinari.

Writing in response to the District Court's direction to report on how to proceed with plaintiff's claims against Tassinari, the Government contended that the Court lacked subject matter jurisdiction over the claims "because plaintiff has failed to exhaust his administrative remedies under the Prison Litigation and Reform Act of 1996 ('PLRA'), 42 U.S.C. § 1997e." *Letter from AUSA Rachel D. Godsil to Judge Preska,* dated April 19, 1999. The District Court construed the Government's letter as a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and, in one of the endorsement orders dated January 5, 2001, granted the motion.

When the District Court ruled on January 5, 2001, it did not have the benefit of *Richardson v. Goord,* 347 F.3d 431, 434 (2d Cir.2003), in which this Court held that the PLRA's exhaustion requirement is not jurisdictional. Accordingly, the District Court did not lack subject matter jurisdiction over plaintiff's claims against Tassinari. Nevertheless, because the record is clear that plaintiff failed to exhaust the administrative remedies available for his claims against Tassinari, the claims were properly dismissed for failure to exhaust under the PLRA. *See Richardson,* 347 F.3d at 434 (holding that, although the exhaustion requirement of the PLRA is not jurisdictional, "a prisoner must exhaust his or her administrative remedies prior to filing a claim under § 1983").

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the District Court properly dismissed plaintiff's complaint as to all defendants-appellees and its judgment is hereby AFFIRMED.