SUMMARY ORDER
Plaintiff Richard Cole, incarcerated and pro se, appeals from a February 23, 2006 Opinion and Order of the District Court, dismissing Cole’s complaint both for failure to exhaust administrative remedies and as barred by the statute of limitations. We assume the parties’ familiarity with the factual and procedural history, though we revisit key portions of that history here.
Cole alleges that in or about November 1995, while he was incarcerated at Otisville Correctional Facility, Dr. Felicitas Miraflor (“Miraflor”), a medical professional at the facility, refused to provide him with adequate medical treatment for a back injury he had sustained in the late 1970s. See Appellee App. at 7. He further alleges that Miraflor refused to provide him with a medical “restriction / exemption,” which would have permitted him to sleep in the lower bunk of his cell, thereby avoiding further aggravation of his condition. Id. It is undisputed that Cole first filed a formal grievance about his treatment in April 2002 — seven years after the treatment occurred — which the Inmate Grievance Program (“IGP”) rejected as untimely. See Appellee App. at 8; id. at 31. Cole appealed to the superintendent, who affirmed the decision on the ground that Cole had failed to provide mitigating circumstances, which would warrant the filing of a grievance seven years after the complained of incident. Id. at 8. Cole made his final appeal to the Central Office Review Committee, which likewise affirmed the IGP’s decision. Id.
In December 2002, Cole filed the instant action against Miraflor, pursuant to 42 U.S.C. § 1983, alleging deliberate indiffer *783 ence to his medical needs in violation of the Eighth Amendment.[1] In April 2003, Miraflor moved to dismiss Cole’s complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), on the grounds that Cole had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act of 1995 (“PLRA”), and that his complaint was time-barred. See ROA doc. 5. In July 2003, the District Court granted Miraflor’s motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) on the failure-to-exhaust grounds. See ROA doc. 10. Cole appealed, but in October 2004, Miraflor filed a motion to vacate the District Court’s judgment and remand the case for consideration of her Rule 12(b)(6) motion in light of several then-recently decided cases by this Court regarding the PLRA exhaustion requirement.[2] See U.S.C.A. dkt. No. 03-0255-pr, entry at 10/15/2004. In January 2005, this Court granted the motion. Id. at 01/20/2005.
In July 2005, Miraflor once again filed a motion to dismiss, pursuant to Rule 12(b)(6). See ROA doc. 17. On March 1, 2006, the District Court granted Miraflor’s motion and dismissed Cole’s complaint, concluding Cole could not demonstrate how his failure to exhaust his remedies could be excused, and that his complaint was time-barred. See Appellee App. at 6-22.
With respect to the exhaustion claim, Cole makes three central arguments on appeal: that the District Court erred in determining (1) that administrative remedies, were, in fact, available to him; (2) that Miraflor had not forfeited the affirmative defense of non-exhaustion; and (3) that Cole had not plausibly alleged “special circumstances” to justify failing to exhaust his administrative remedies. Appellant Br. at 10-15.
“We review de novo a district court’s dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002).
The PLRA provides, in relevant part, that “[n]o action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.” 42 U.S.C. § 1997e(a). In Hemphill v. State of New York, 380 F.3d 680 (2d Cir.2004), we set out a three-part inquiry to determine whether a prisoner’s failure to exhaust his administrative remedies could be excused: (1) whether administrative remedies were, in fact, available to the prisoner; (2) whether defendants have forfeited the affirmative defense of non-exhaustion; and (3) whether “special circumstances” exist to justify prisoner’s failure to comply. See id. at 686.
First, for substantially the reasons stated in the District Court’s opinion, we conclude that the administrative remedies were available to Cole during the relevant *784 time period. We reach this conclusion, notwithstanding Cole’s argument for the first time on appeal that the standard administrative remedies were unavailable to him because certain Department of Corrections (“DOCS”) regulations regarding the housing of two inmates in a single cell precluded the filing of a grievance about the denial of a medical restriction/accommodation for a bottom bunk. See Appellant Br. at 13-14. Specifically, Cole rests his argument on DOCS Directive #4003, which generally covers “Double Cell Housing in Converted Single Cells,” and Part 1701 of Title 7 of the Compilation of Codes, Rules and Regulations of the State of New York, which covers “Selection of Inmates for Double-Cell Housing.” See Appellee Add. at 26; 7 N.Y.C.R.R. 1701. As Cole raises this argument for the first time on appeal, we need not consider it. See Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores, Inc., 54 F.3d 69, 73 (2d Cir.1995). However, we note that DOCS Directive # 4003 was not issued until December 24, 1998, well after the time Cole could have timely filed a grievance. See Appellee Add. at 26. Furthermore, there is no language in the regulations that Cole cites which would prohibit the filing of a grievance. See 7 N.Y.C.R.R. 1701. Accordingly, the normal course of administrative remedies was still “available” to Cole.
Second, we conclude that Cole’s argument that Miraflor forfeited an affirmative defense of non-exhaustion is without merit. In Hemphill, we stated that a defendant can forfeit the affirmative defense of non-exhaustion “by failing to raise or preserve it,” or if “defendant’s] own actions inhibited] the inmate’s exhaustion of remedies.” 380 F.3d at 686. We conclude that Miraflor did properly raise the non-exhaustion defense below, and that her action in no way inhibited Cole’s ability to exhaust his remedies. Furthermore, in response to Cole’s claim that Miraflor cannot raise a non-exhaustion defense now because he put her “on notice” about his medical condition, see Appellant Br. at 14, we note that this kind of argument runs counter to the specific forfeiture scenarios set forth in Hemphill, see 380 F.3d at 686, and accordingly fails.
Finally, and substantially for the reasons stated in the District Court’s opinion, we conclude that Cole has demonstrated no “special circumstances” that would justify his failure to exhaust his administrative remedies.
For the reasons stated above, we affirm the District Court’s order dismissing Cole’s complaint for failure to exhaust administrative remedies. Accordingly, we do not reach Cole’s statute of limitations argument.

CONCLUSION

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

. The undated complaint was received November 15, 2002 and filed December 18, 2002. See Appellee App. at 23.

. Specifically, Miraflor moved this Court to remand Cole’s appeal to the District Court so that it could consider Miraflor's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), in light of this Court’s decisions then-recent decisions in Giano v. Goord, 380 F.3d 670 (2d Cir.2004), Hemphill v. New York, 380 F.3d 680 (2d Cir.2004), Johnson v. Testman, 380 F.3d 691 (2d Cir.2004), Abney v. McGinnis, 380 F.3d 663 (2d Cir.2004), Ortiz v. McBride, 380 F.3d 649 (2d Cir.2004), and Richardson v. Goord, 347 F.3d 431 (2d Cir.2003). See U.S.C.A. dkt. No. 03-0255-pr, entry at 10/15/2004.