**John MASSARO and Donna Barron, Plaintiffs–Appellants,**

v.

**JONES, Sgt., Ruscoe, Ofcr., Fedor, Ofcr., Weir, Ofcr., Kirby, Lt., Carlson, Ofcr., Edwards, Ofcr., G. Lee, Ofcr., and R. Lee, Ofcr., Defendants–Appellees,**

**Town of Trumbull, Trumbull Police Dept., John Does 1–20 and Jane Doe, Defendants.**

No. 08–0258–cv.

United States Court of Appeals, Second Circuit.

April 21, 2009.

John F. Geida, Law Offices of Norman A. Pattis, LLC, Bethany, CT, for Plaintiff–Appellants.

James N. Tallberg, Karsten, Dorman & Tallberg, LLC, West Hartford, CT, for Defendant–Appellees.

Present: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants John Massaro and Donna Barron appeal from a judgment of the district court, granting summary judgment in favor of defendants-appellees Jones, Fedor, Ruscoe, and Weir, and dismissing the complaint as to defendants-appellees Kirby, Carlson, Edwards, G. Lee, R. Lee, and Toreso. The complaint alleged, *inter alia,* that the defendants used excessive force in the detention and arrest of Massaro and in the detention of Barron. We assume the parties' familiarity with the facts and procedural history of the case.

"This court reviews de novo the district court's summary judgment, using the same standard as the district court: summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Salahuddin v. Goord,* 467 F.3d 263, 272 (2d Cir.2006) (internal quotation marks omitted). A "genuine issue" exists where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in favor of the nonmoving party. *Nabisco, Inc. v. Warner–Lambert, Co.,* 220 F.3d 43, 45 (2d Cir.2000).

Plaintiffs argue that summary judgment was erroneous as to their excessive force claims against Jones, Fedor, Ruscoe, and Weir because they created a genuine issue as to whether these officials used unreasonable force in detaining them. We disagree. Massaro alleged in his deposition that he was kicked during the 15–20 second episode in which he was forced to the ground. Although he said he was kicked after he was hand-cuffed, his own account of the brief episode creates uncertainty as to precisely when, in the course of the arrest, any officer's knee or foot came into contact with Massaro's back: as Massaro was first taken off his feet, as Massaro was forced to lie flat after his knees were on the ground, or in the seconds after he finally lay flat. Even accepting the entirety of his testimony, a reasonable jury could not find by a preponderance of the evidence that the officers could not reasonably believe that the force used was an appropriate means of subduing a person whom they knew had previously been convicted of crimes involving weapons.

Barron's deposition testimony is clear that any contact with her back occurred in the course of requiring her to lie on the ground during the arrest.

During the arrest episode, the police were understandably made apprehensive by Massaro's hesitation in complying with their commands. Although this hesitation was perhaps attributable to Massaro's own uncertainty in the face of conflicting commands being shouted to him by the officers, it nonetheless provided a basis for the officers to use appropriate force in making sure the defendant was secured.

Plaintiffs argue further that dismissal was erroneous as to Toreso, Carlson, Edwards, G. Lee, and R. Lee, because those defendants admit having been present at the scene of Massaro's arrest. The district court properly dismissed the claims as to these parties because plaintiffs have not alleged that any of these defendants used excessive force or were under an obligation to prevent the use of excessive force by another officer. *See O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir.1988) ("A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated *in his presence* by other officers." (emphasis added)).

Finally, the district court properly dismissed plaintiffs' claims against Kirby because they have not alleged that Kirby was personally responsible for the alleged use of excessive force. *See Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir.2003) ("Supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." (internal quotation marks and brackets omitted)).

Accordingly, the judgment of the district court in favor of defendants-appellants is **AFFIRMED.**