**Thomas M. ROLAND III, Plaintiff,**

v.

**S. SMITH, et al., Defendants.**

**No. 10 Civ. 9218 (VM).**

United States District Court, S.D. New York.

Feb. 22, 2012.

Thomas M. Roland III, Alden, NY, pro se.

Julia Hyun-Joo Lee, New York State Department of Law, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Thomas M. Roland III ("Roland") brought this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against eleven employees of the New York State Department of Correctional Services ("DOCS"), three of whom are named defendants and eight of whom are listed as "John Does" and "Jane Doe." The three named defendants, Mental Health Unit Chief Susan Smith ("Smith"), Former Superintendent of Sullivan Correctional Facility ("Sullivan") James Walsh ("Walsh"), and Executive Director of Central New York Psychiatric Center Donald Sawyer ("Sawyer") (collectively, the "Moving Defendants"), have filed the motion to dismiss (the "Motion") now before the Court. The claims against the remaining eight unidentified defendants are not the subjects of this Motion. Roland alleges that the unidentified defendants violated his Eighth and Fourteenth Amendment rights by forcing him to take psychotropic medication and, afterward, physically assaulting him without provocation. Roland further alleges that Sawyer and Walsh have withheld from Roland photographs of his condition after the alleged beating and that Sawyer and Smith transferred him to Central New York Psychiatric Center ("CNYPC") in an attempt to cover up the beating.

The Moving Defendants now move to dismiss Roland's complaint (the "Complaint") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)" and "Rule 12(b)(6)") on the ground that Roland failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). For the reasons discussed below, the Court converts the Moving Defendants' Rule 12(b)(6) motion to a motion for summary judgment, and GRANTS the Moving Defendant's motion.

## I. BACKGROUND [1]

This action arises out of events that occurred on September 20, 2009 at Sullivan, where Roland was then incarcerated.[2] On the night in question, a sergeant and two correctional officers escorted Roland from his cell to a tier hearing room for the purpose of obtaining a urine sample from him. When Roland was unable to provide

---

**1.** The facts below derive from (1) Roland's complaint (the "Complaint"), which the Court accepts as true for the purpose of ruling on a motion to dismiss, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002), and (2) the Moving Defendants' Memorandum of Law in Support of Their Motion to Dismiss. Except where specifically referenced, no further citation to these sources will be made.

**2.** There exists some uncertainty about the date of the incident, as Roland filed two grievances regarding the same incident, one of which indicated the date of the incident to be September 19, 2009 and the other of which indicated it to be September 20, 2009. The Court adopts the September 20, 2009 date because it is the date used in the Complaint.

a urine sample, the sergeant, officers, and a mental health nurse physically forced him to take psychotropic medication to help him urinate. Roland alleges that after he produced the sample, the sergeant and officers, now joined by two additional officers, brought him to an unmonitored basement strip cell, where he was beaten. On September 24, 2009, four days after the alleged beating, Roland was transferred to CNYPC. Roland subsequently filed two grievances regarding the incident against the four correctional officers, the sergeant, and the mental health nurse. The grievances were filed on October 15, 2009 and December 21, 2009 (the "October 15 Grievance" and the "December 21 Grievance," respectively). Neither of the two grievances mentioned the Moving Defendants.

## II. *DISCUSSION*

■ The Moving Defendants argue that the Complaint must be dismissed because Roland failed to exhaust his administrative remedies as required by the PLRA. The PLRA states, in relevant part, that "no action shall be brought with respect to prison conditions under [S]ection 1983 ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

### A. *MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)*

■ As an initial matter, the Court notes that, because the PLRA's exhaustion requirement is not jurisdictional in nature, *Richardson v. Goord*, 347 F.3d 431, 434 (2d Cir.2003), a court cannot dismiss an inmate's action for lack of subject matter jurisdiction where he failed to exhaust his administrative remedies. *See, e.g., Varela v. Demmon*, 491 F.Supp.2d 442, 445–46 (S.D.N.Y.2007). As such, to the extent that the Motion at bar is brought pursuant to Rule 12(b)(1), it is denied.

### B. *MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)*

■ The Moving Defendants also seek dismissal pursuant to Rule 12(b)(6) because Roland failed to exhaust his administrative remedies under the DOCS Inmate Grievance Program. Failure to exhaust is an affirmative defense under the PLRA and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Dismissal under Rule 12(b)(6) for failure to exhaust is thus appropriate only where nonexhaustion is apparent from the face of the complaint. *McCoy v. Goord*, 255 F.Supp.2d 233, 251 (S.D.N.Y. 2003). Where nonexhaustion is not clear from the face of the complaint,

> a defendant's motion to dismiss should be converted ... to one for summary judgment limited to the narrow issue of exhaustion and the relatively straightforward questions about plaintiff's efforts to exhaust, whether remedies were available, or whether exhaustion might be, in very limited circumstances, excused.

*Id.* at 251.

Here, the Moving Defendants have provided evidence outside the pleadings to support their claim that Roland failed to exhaust DOCS' established grievance procedure. Specifically, the Moving Defendants submit an affidavit from Theresa Hyatt ("Hyatt Declaration"), the Inmate Grievance Program Supervisor at Sullivan, stating that Roland filed two grievances regarding the September 20, 2009 incident

against correctional officers, a sergeant, and a nurse. The Hyatt Declaration includes copies of the October 15 Grievance and the December 21 Grievance. In addition, as is required by Local Civil Rule 12.1 of this District, the Moving Defendants appropriately included a statement apprising Roland, who is proceeding pro se, of his obligations in opposing a motion to dismiss, including the possibility that the Motion may be converted into one for summary judgment.[3] (*See* Notice to Pro Se Litigant Opposing Motion to Dismiss, *Roland v. Smith*, 10 Civ. 9218 (S.D.N.Y. May 12, 2011), Docket No. 19.) Although Roland responded to the Moving Defendants' Motion on June 23, 2011 (Docket No. 32), he provided no additional evidence to oppose the Moving Defendants' claim that he failed to exhaust his administrative remedies. In light of the Moving Defendants' submissions outside the pleadings and Roland's notice of those submissions, the Court converts the Moving Defendants' motion to dismiss the Complaint to a motion for summary judgment limited to the narrow issue of exhaustion pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

## C. *SUMMARY JUDGMENT STANDARD OF REVIEW*

"Summary judgment is proper if, viewing all facts of record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir.1996) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The moving party bears the burden of proving that no genuine issue of material fact exists, or that due to the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party. *See Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223–24 (2d Cir.1994). This burden remains even when a party' s motion is unopposed. *See Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 242–44 (2d Cir.2004).

The party opposing summary judgment must come forward with materials setting forth specific facts showing that there is a genuine issue of. material fact; he cannot defeat summary judgment by relying on the allegations in the complaint, conclusory statements, or mere assertions that affidavits supporting the motion are not credible. *See Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir.1996). The fact that a party is "proceeding pro se does not otherwise relieve [him] from the usual requirements of summary judgment." *Fitzpatrick v. New York Cornell Hosp.*, No. 00 Civ. 8594, 2003 WL 102853, at *5 (S.D.N.Y. Jan. 9, 2003).

## D. *THE PLRA EXHAUSTION REQUIREMENT*

■ Here, the Moving Defendants submitted evidence sufficient to establish that Roland never filed a grievance, through Sullivan's Inmate Grievance Program, setting forth his accusation regarding the allegedly withheld photographs. In her declaration, Hyatt states that she maintains logs and files of all filed grievances and was able to locate only two grievances filed

---

**3.** The Local Civil Rule 12.1 Statement stated in relevant part:

> If the [defendants' motion to dismiss] is treated by the Court as one for summary judgment, this means that the defendants have asked the court to decide the case without a trial, based on written materials, including affidavits, submitted in support of

> the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own sworn affidavits or other papers as required by Rule 56(e).

(Docket No. 19.)

by Roland concerning the incident of September 20, 2009. (Hyatt Decl. ¶ 2.) Neither of Roland's grievances referenced the alleged withholding of photographs by Sawyer and Walsh. As Roland never raised this allegation against the Moving Defendants through the Inmate Grievance Program, directly or otherwise, he did not exhaust his administrative remedies with respect to this claim. As such, the claim against Sawyer and Walsh for the withholding of photographic evidence is dismissed for failure to exhaust.

Furthermore, Roland has failed to set forth any evidence showing that (a) administrative remedies were unavailable, (b) he was inhibited from exhausting available remedies by one or more Defendant's actions, or (c) special circumstances exist that justify his failure to comply with the exhaustion requirements. *See McCoy,* 255 F.Supp.2d at 251.

■ Roland did, however, allege in the December 21 Grievance that he was transferred to the CNYPC to "cover up" the alleged beating he received at Sullivan. This allegation, conclusory as it is, was sufficient to make Sullivan aware of Roland's grievance, and the facility should have been able to determine the identity of the corrections official(s) responsible for the transfer. Therefore, this specific claim against Walsh and Smith should not be dismissed for failure to exhaust; as discussed below, however, it should be dismissed for failure to state a claim.

## E. *ROLAND'S FAILURE TO STATE A CLAIM*

The Court further concludes that, even assuming that Roland has exhausted his administrative remedies, he has failed to offer sufficient factual allegations to make his asserted claims against the Moving Defendants plausible on their face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Insofar as the Complaint may be construed to allege that the Moving Defendants are liable for Roland's alleged beating in a supervisory capacity, the Court notes that a defendant's *personal involvement* in the alleged constitutional deprivation is a prerequisite to an award of damages. *See Iqbal,* 129 S.Ct. at 1948 ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The Second Circuit has held that personal involvement by a supervisor under Section 1983 may be found where the supervisor (1) "directly participated in the infraction," (2) failed to correct a wrong after learning of the violation through a report or appeal, (3) created "a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue," (4) has been "grossly negligent in managing subordinates who caused the unlawful condition or event," or (5) demonstrated "gross negligence" or "deliberate indifference" to the constitutional rights of inmates by failing to act on information indicating that unconstitutional practices are taking place. *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (internal citations omitted),

■ Here, Roland has not alleged that any of the Moving Defendants were present at the beating or that any of them otherwise "directly participated" in the incidents of September 20, 2009. There is also nothing in the Complaint to suggest that the Moving Defendants' actions fall into any of the other four categories of personal involvement with regard to the alleged beating. As such, Roland has failed to state a claim against the Moving Defendants in their supervisory capacity.

■ Roland also fails to state a claim against Smith and Walsh with respect to

his transfer to the CNYPC. DOCS has the absolute authority to transfer inmates between facilities, and an inmate has no right to be placed in, remain in, or be transferred to a certain facility. N.Y. Corr. Law § 23(1); *see also Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), *Sher v. Coughlin* 739 F.2d 77, 82 (2d Cir.1984). However, an inmate cannot be transferred solely in retaliation for the exercise of his constitutional rights, *Meriwether v. Coughlin*, 879 F.2d 1037, 1047 (2d Cir.1989), including for the filing of a grievance. *See Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir.1988) (holding that filing prison grievance is constitutionally protected right). Moreover, courts have found that a close temporal proximity between an inmate's filing of a grievance and his transfer to a different facility can be sufficient circumstantial evidence to withstand a motion to dismiss in a retaliation claim. *See, e.g., Gagliardi v. Village of Pawling*, 18 F.3d 188 (2d Cir. 1994) (denying motion to dismiss where there was a chronology of events from which retaliatory intent could be inferred). Here, however, there is no such sequence of events from which a retaliatory intent could be reasonably inferred; indeed, Roland was permitted to file a grievance after the transfer.

Conceivably, Roland's complaint could be read to allege that, as part of the "cover up" of the beating, Smith and Walsh transferred Roland to the CNYPC in order to *prevent* him from exercising his constitutional right to file a grievance about the incident. This theory of liability fails, however, because Roland cannot allege that the transfer hindered him in any material way from exercising his constitutional right to file a grievance. Indeed, Roland was able to file two grievances about the alleged beating shortly after the transfer. Therefore, the transfer itself cannot be found to have caused Roland to suffer any cognizable, constitutional injury.

■ Finally, with respect to Roland's claims against Sawyer and Walsh, Roland has not provided the context in which they allegedly withheld the photographs from him. In the context of a disciplinary proceeding, where inmates are afforded minimal requirements of procedural due process as set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563–64, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), Roland would have a constitutional right to present documentary evidence in his defense "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566, 94 S.Ct. 2963. As such, if the photographs were withheld in such a context, Roland may have a plausible claim against Sawyer and Walsh. However, Roland's current complaint does not make clear the circumstances surrounding his request for the photographs, and it is thus impossible to determine whether Roland has a viable constitutional claim on this matter.

Thus, if or when Roland seeks to file this claim again and once he has exhausted his administrative remedies against the Moving Defendants, he must do so with more specific factual allegations that would plausibly show (1) the personal involvement of Sawyer, Smith, and Walsh in the constitutional violations; (2) that the motive behind the transfer was retaliation for the exercise of his constitutional rights; and (3) that the withholding of photographic evidence took place in a context in which he possessed a right to such evidence, such as a disciplinary hearing. Absent such a showing, Roland's claims must be dismissed for failure to state a claim upon which relief can be granted.

## F. THE ACTION AGAINST THE UNIDENTIFIED DEFENDANTS

The eight unidentified defendants, named in the Complaint as "John Does"

and "Jane Doe," do not join the motion to dismiss now before the Court. As of the date of this Decision and Order, these defendants remain unidentified and have yet to be served with a summons and a copy of the Complaint, despite Roland having received two Rule 4 Service Packages and an order from Magistrate Judge Fox dated February 3, 2011 directing Roland to contact the Pro Se Office for the Southern District of New York for further assistance. (Docket No. 12.) Since more than 120 days have passed since Roland filed the Complaint on December 1, 2010, the Court dismisses without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), the claims against the eight unidentified defendants. These claims will be dismissed with prejudice unless Roland requests that they be reinstated within twenty days of the date of this Decision and Order.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 17) of defendants Susan Smith, James Walsh, and Donald Sawyer (the "Moving Defendants") to dismiss the Complaint of plaintiff Thomas M. Roland III ("Roland") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is DENIED; and it is further

**ORDERED** that the Moving Defendants' motion (Docket No. 17) to dismiss the Complaint pursuant to Rule 12(b)(6) is converted into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Moving Defendants' motion for summary judgment is GRANTED; and it is further

**ORDERED** that Roland's Complaint (Docket No. 2) as to defendants John Doe Sergeant, John Does C.O. Officers 1–4, John Doe Nurse, John Doe C.O. Officer Es Block, and Jane Doe Nurse Mental Health (the "Unidentified Defendants") is dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect service, provided that within twenty (20) days of this Decision and Order, Roland may, for good cause shown, request that that the action as to such defendants be reinstated. The Court will dismiss the claims against the Unidentified Defendants with prejudice in the event Roland makes no such timely application for reinstatement.

The Clerk of the Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**