11-488-pr
LaMagna v. Brown

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

Salvatore LaMagna,

> *Plaintiff-Appellant,*

> v.                                                    11-488-pr

Warden Brown, Superintendent,
Eastern Correctional Facility,

> *Defendant-Appellee,*

Jimmie Miller,

> *Defendant.*

_____

1

**FOR PLAINTIFF-APPELLANT:**  Salvatore LaMagna, <u>pro se</u>, Napanoch, NY.

**FOR DEFENDANT-APPELLEE:**  Martin A. Hotvet, Assistant Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, Barbara D. Underwood, Solicitor General, <u>for</u> Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from the judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>; Lowe, <u>M.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Salvatore LaMagna, proceeding <u>pro se</u>, appeals from the district court's judgment dismissing his complaint brought pursuant to 42 U.S.C. § 1983.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's grant of a Rule 12(b)(6) motion to dismiss de novo, accepting all factual claims in the complaint as true, and drawing all reasonable

inferences in the plaintiff's favor." <u>Famous Horse Inc. v. 5th Ave. Photo Inc.</u>, 624 F.3d 106, 108 (2d Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." <u>Iqbal</u>, 129 S. Ct. at 1949. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Additionally, while <u>pro se</u> complaints must contain sufficient factual allegations to meet the plausibility standard, <u>see</u> <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009), we look for such allegations by reading the complaint with "special solicitude" and interpreting it to raise the strongest claims it suggests. <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474-75 (2d Cir. 2006) (quoting <u>Ruotolo v. I.R.S.</u>, 28 F.3d 6, 8 (2d Cir. 1994)).

We have conducted a de novo review of the record in light of these standards and now affirm the district court's dismissal of LaMagna's complaint. LaMagna failed to object to the magistrate judge's report and recommendation which was subsequently adopted by the district court, despite having been informed of the consequences of such failure. He thus waived any challenge to the district court's dismissal of his original complaint. See Frank v. Johnson, 968 F.2d 298, 299 (2d Cir. 1992) ("Failure to object [to the report and recommendation] within the allotted [time period] results in a waiver of further judicial review."); see also Spence v. Superintendent, 219 F.3d 162, 174 (2d Cir. 2000).

The district court dismissed the amended complaint on the ground that it did not adequately allege that the Appellee was personally involved in the sexual assault. LaMagna argues that the district court "has the authority to intervene and require the respondents to pay . . . monetary damages regardless of who is the proper respondent." In this Circuit, however, "[i]t is well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010)

4

(quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). A defendant's supervisory authority is insufficient in itself to demonstrate liability under § 1983. See Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (per curiam) ("[M]ere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." (internal quotation marks omitted)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

LaMagna's amended complaint alleged no personal involvement on the part of the Appellee. It alleged no more than that "employees" left a security gate unlocked and that "the civilian" supervising the inmates at the time of LaMagna's alleged assault was "not paying attention." LaMagna also alleged that "the administration never took any sexual assault seriously until this incident," but that, following the incident, the prison posted "an informational sign about promptly reporting sexual assaults." Thus, there is no allegation that the Appellee "failed to remedy the wrong" once being informed of LaMagna's assault. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Finally, LaMagna asserted in his amended complaint that the Appellee violated his duty "to keep [LaMagna] . . . free from sexual assaults . . . and he violated that by deliberate indifference."  This allegation lacks a factual foundation and therefore is a conclusory allegation "masquerading as [a] factual conclusion[]," which is insufficient to defeat a motion to dismiss.  Kirch v. Liberty Media Corp., 449 F.3d 388, 398 (2d Cir. 2006) (quoting Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002)).

We have considered all of LaMagna's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk