14-4569-pr
*Guillory v. Cuomo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand fifteen.

PRESENT:   ROBERT D. SACK,
           DENNY CHIN,
           CHRISTOPHER F. DRONEY,
                   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PATRICK GUILLORY,

                                   *Plaintiff-Appellant,*

                   v.                                          14-4569-pr

ANDREW CUOMO, Governor of New York,
ANTHONY ANNUCCI, DOCCS Commissioner,
ALBERT PRACK, DOCCS SHU Director, KAREN
BELLAMY, DOCCS IGP Director, MR. GONZALEZ,
DOCCS Inspector General, GRAZIANO, LIVISTON,
DOCCS Inspector General,

                                   *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Patrick Guillory, *pro se*, Dannemora, New York.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Patrick Guillory, proceeding *pro se*, appeals from the judgment of the district court entered May 1, 2015 dismissing his amended complaint brought under 42 U.S.C. § 1983.[1]  Guillory alleges that the Governor of New York, Andrew Cuomo, and various high-ranking corrections officials (collectively "defendants") facilitated a widespread pattern of violence in New York's prisons and improper implementation of a rehabilitative program called Aggression Replacement Training ("ART").  By decision and order filed December 2, 2014, the district court *sua sponte* dismissed Guillory's complaint for failure to state a claim upon which relief may be granted.  By decision and order filed May 1, 2015, the district court granted plaintiff's motion to convert its December order into a final judgment.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* the district court's *sua sponte* dismissal of a complaint. *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550

---

[1] The district court dismissed the action below before defendants were served with the summons and complaint.  Hence, they never appeared below, and they have not appeared in this appeal.

- 2 -

U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Supervisor liability under § 1983 requires some personal involvement or responsibility and "can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003).

First, the district court correctly dismissed Guillory's claims against Annucci, Prack, Bellamy, Graziano, and Liviston, as Guillory has not plausibly alleged personal involvement of these individuals in the alleged violations. We conclude that Guillory's appeal as to these defendants is without merit substantially for the reasons articulated by the district court. *Guillory v. Cuomo*, No. 14-CV-0971 (N.D.N.Y. Dec. 2, 2014).

Second, the district court correctly dismissed Guillory's claims against Cuomo. While we have held that evidence that a prisoner sent a letter with a medical complaint to a prison official "may create an issue of fact as to whether [the official] was deliberately indifferent to [the prisoner's] medical needs," *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *see also Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013) (concluding that at pleading stage, plaintiff is "entitled to have the court draw the reasonable inference -- if his . . . complaint contained factual allegations indicating that the Letter was sent to the [defendant] at an appropriate address and by appropriate means -- that the [defendant] in fact received the Letter, read it, and thereby became aware of the alleged conditions of which [the plaintiff] complained"), here Guillory alleges only that he "wrote [Cuomo] several letters and affidavits explaining the beatings by staff upon [him]." Am. Compl. at 16. He did not allege when and where the letters were sent, what they said, or how they were sent. Accordingly, Guillory has not pleaded facts sufficient to "nudge[]" his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Moreover, the district court provided Guillory with an opportunity to amend his complaint again, but Guillory declined to do so.

Third, the district court correctly dismissed Guillory's specific allegations involving ART for failure to state a constitutional claim. Assuming that Guillory was attempting to raise a due process claim, his allegations are insufficient because he does not have a protected liberty interest in participating in ART. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting that eligibility for rehabilitative programs in federal

prisons is not protected by the Due Process Clause); *Lee v. Governor of N.Y.*, 87 F.3d 55, 58 (2d Cir. 1996) (holding no liberty interest in participating in temporary release program).

Finally, we have considered all of Guillory's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk