10-3129-pr
Styles v. Goord

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of June, two thousand eleven.

PRESENT:
>BARRINGTON D. PARKER,
>DENNY CHIN,
>>_Circuit Judges_,
>EDWARD R. KORMAN,
>>_District Judge_.[*]

- - - - - - - - - - - - - - - - - -x

ANDREW STYLES,
>_Plaintiff-Appellant_,

>-v.-                                          10-3129-pr

GLENN S. GOORD, Commissioner of
the State of New York, Department
of Correctional Services,
LESTER WRIGHT, Deputy Commissioner
of Health Services, Department
of Correctional Services,
>_Defendants-Appellees_.

- - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:        ANDREW STYLES, <u>pro se</u>, New York, New York.

FOR DEFENDANT-APPELLEE:         MARTIN A. HOTVET, Assistant Solicitor General (Andrea Oser, Deputy Solicitor General, <u>on the brief</u>), <u>for</u> Eric T. Schneiderman, Attorney General for the State of New York, Albany, New York.


Plaintiff-Appellant Andrew Styles, proceeding <u>pro se</u>, appeals a post-judgment order of the United States District Court for the Northern District of New York (Mordue, <u>C.J.</u>) denying his motion, pursuant to Federal Rule of Civil Procedure 60, to vacate the judgment dismissing his 42 U.S.C. § 1983 complaint, pursuant to Fed. R. Civ. P. 41(b).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We review a district court order denying a Rule 60(b) motion for abuse of discretion, <u>see</u> <u>Transaero, Inc. v. La Fuerza Aerea Boliviana</u>, 162 F.3d 724, 729 (2d Cir. 1998), and relief pursuant to Rule 60(b) is available only in "exceptional circumstances," <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).

The district court had dismissed Styles' § 1983 complaint, pursuant to Rule 41(b), for failure to comply with an order to keep the district court apprised of his current address. Although a district court's Rule 41(b) dismissal is reviewed for

-2-

abuse of discretion, see Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998), we have emphasized that district courts "should be especially hesitant" to dismiss a pro se litigant's complaint for procedural deficiencies, and "deference is due to the district court's decision to dismiss a pro se litigant's complaint only when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, the district court abused its discretion when it concluded that relief from the Rule 41(b) dismissal was not warranted. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (listing factors this Court considers in reviewing a Rule 41(b) dismissal). The district court's conclusion was based upon a failure-to-prosecute analysis, first articulated in the order denying the Rule 60 motion. But the record shows that Styles was intent on prosecuting the case. He submitted two sets of opposition to defendants' summary judgment motion and a change of address form when he was released from prison. Moreover, the district court failed to consider ruling on the pending, fully-submitted summary judgment motion as an alternative to dismissing under Rule 41(b). As this Court has emphasized, "resolutions on summary judgment . . . are generally to be preferred to dismissals under Rule 41(b)." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 211 (2d Cir. 2001).

In addition, Styles' failure to ensure that he was able to receive mail at the new address does not appear to have caused

any delay in the adjudication of the action. Defendants' summary judgment motion was fully submitted and pending throughout the period between the October 2008 notice of change of address and the March 2009 dismissal. Any additional delay was not likely to increase meaningfully defendants' litigation costs or reduce their ability to defend the case on the merits. Id. at 210.

Nonetheless, we affirm the post-judgment order because a review of the record below demonstrates that the district court should have granted summary judgment in favor of defendants. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 580 (2d Cir. 2006) ("This Court may affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." (internal quotation marks omitted)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Personal involvement of the defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. See Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). The mere fact that a defendant possesses supervisory authority is insufficient to demonstrate liability for failure to supervise under § 1983. See Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995); see also Richardson, 347 F.3d at 435 ("mere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim" (internal quotation marks omitted)).

-4-

In his complaint, Styles alleged that Goord and Wright, two high-ranking prison officials, were grossly negligent in failing to supervise unspecified subordinates who concealed Style's medical condition from him and thus delayed any treatment. Although Styles alleged that Goord and Wright personally established certain state prison health policies, he never explained how those policies related to his claims. Notably, Styles did not allege, or submit evidence demonstrating, any facts concerning Goord or Wright's particular conduct in supervising their subordinates. In sum, Styles' claims were premised on a theory of supervisory liability, and he did not show that there was a question of fact suggesting that either Goord or Wright was personally involved in any conduct related to his medical condition that could give rise to § 1983 liability. See Richardson, 347 F.3d at 435. Accordingly, we affirm the denial of the Rule 60 motion because, even though Styles was entitled to relief from the Rule 41(b) dismissal, the district court should have granted the defendants' motion for summary judgment.

We have considered Styles' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-5-