22-485
McClain v. Ventrella

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-three.

PRESENT:     GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.,
             JOSEPH F. BIANCO,
                  *Circuit Judges*.

-----------------------------------------------------------------

TAJAH S. MCCLAIN,

    *Plaintiff-Appellant*,

   v.                                                        No. 22-485

JANE VENTRELLA, BSN, RN,

    *Defendant-Appellee*,

SCOTT SEMPLE, COMMISSIONER OF
DEPARTMENT OF CORRECTIONS, SCOTT ERFE,
WARDEN OF CHESHIRE CI,

    *Defendants*.

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Ernest J. Cotnoir, Maher and Cotnoir, Putnam, CT

FOR DEFENDANT-APPELLEE: Janelle R. Medeiros, Assistant Attorney General, *for* William Tong, Attorney General for the State of Connecticut, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Sarah A. L. Merriam, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Tajah S. McClain appeals from a judgment of the United States District Court for the District of Connecticut (Merriam, J.) granting summary judgment in favor of Defendant-Appellee Jane Ventrella with respect to McClain's claim, under 42 U.S.C. § 1983, of deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In May 2017 McClain, an inmate at Cheshire Correctional Institution, complained that he suffered from "headaches and pain around his eye sockets" and that "his eye glasses were broken." Joint App'x 61. McClain was seen by

the facility's medical staff on the same day and throughout June. McClain was placed on a list to have his glasses repaired and told to put cold compresses on his forehead, refrain from watching television, and purchase pain killers from the commissary as needed. In 2019 McClain was seen by an ophthalmologist at the University of Connecticut Health Center and diagnosed with glaucoma.

The Connecticut Department of Corrections allows an inmate to seek "Health Services Review" of the medical care he or she receives while in custody. See Joint App'x 50-51. In August 2017 McClain filed an Inmate Administrative Remedy Form "requesting . . . to see a[n] [e]ye doctor in this next month of September." Joint App'x 46. On his form, McClain stated that he "requested eye doctor help on numerous occasions" to no avail. Joint App'x 46. In September 2017 McClain's request was "[r]eturned without disposition" by Ventrella, a nurse who was at that time the Health Services Remedy Coordinator at McClain's facility. Joint App'x 46. In the "Decision/Official Use" section of McClain's form, Ventrella wrote: "You have been added [to] the eye doctor list and will be called when it is your turn. . . . If your glasses have not been fixed[,] please write medical to have them assessed." Joint App'x 46. During her review of McClain's request, Ventrella "checked [McClain's] medical file to be

3

sure he had been seen for his headaches" and "had been added to the list to be seen by the eye doctor as soon as possible." Joint App'x 43. Ventrella then concluded that "this treatment was appropriate and there was nothing further [she] would recommend." Joint App'x 43.

In March 2018 McClain initiated a pro se action for declaratory relief and money damages against Ventrella (among other defendants) in her individual and official capacities, claiming, under § 1983, that she was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[1] On appeal, McClain challenges the District Court's grant of summary judgment as to the claim for money damages only.

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (cleaned up). Every deliberate indifference claim must satisfy an objective and a subjective component: "First, the alleged deprivation must be, in objective

---

[1] McClain also claimed that Ventrella refused to act on his request for a Health Services Review in violation of his due process rights under the Fourteenth Amendment. The District Court dismissed this claim during its initial screening pursuant to 28 U.S.C. § 1915A(b)(1).

terms, sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind." Id. (quotation marks omitted). The defendant must have been "actually aware of a substantial risk that serious inmate harm w[ould] result." Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006).

We assume without deciding that McClain's medical needs were "sufficiently serious." McClain nevertheless failed to establish the subjective component of his deliberate indifference claim. McClain argues that "there is a genuine issue of fact as to . . . whether he actually received any treatment" for his severe headaches and eye problems. Pl.-Appellant's Br. 13. It is undisputed, however, that McClain was seen multiple times by medical staff in response to his complaints about his headaches and broken glasses, put on a waiting list to be seen by an eye doctor, and advised to take pain killers if needed. It is likewise undisputed that Ventrella confirmed that all of these steps had been taken before she "returned without disposition" McClain's request for a Health Services Review. McClain insists that Ventrella should still have been aware that his symptoms could have indicated a more serious condition and allowed him to see an eye doctor immediately. But even if Ventrella had made "a mistaken decision not to treat based on an erroneous view that the condition is

5

benign or trivial," that decision would "not amount to an Eighth Amendment violation." Harrison v. Barkley, 219 F.3d 132, 139 (2d Cir. 2000). Based on the summary judgment record, we conclude that McClain has not presented sufficient evidence to permit a reasonable jury to find that Ventrella possessed "a state of mind that is the equivalent of criminal recklessness." Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (quotation marks omitted). We therefore affirm the District Court's grant of summary judgment in Ventrella's favor with respect to McClain's Eighth Amendment claim for damages.[2]

We have considered McClain's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] The District Court declined to address whether McClain failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 4 U.S.C. § 1997e(a). We similarly decline to reach the exhaustion issue. See Richardson v. Goord, 347 F.3d 431, 433–34 (2d Cir. 2003) (holding that PLRA exhaustion is not a jurisdictional requirement).